IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN D. BLACK,                    )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     1:13CV321
                                  )
CHRISTOPHER EVANS,                )
                                  )
            Defendant.            )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed with a pro se Complaint (Docket Entry 2). For the reasons that follow, pauper status will be granted for the limited purpose of entering a recommendation of dismissal and in favor of broadening a pre-filing injunction previously imposed against Plaintiff.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under

the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous," 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

### DISCUSSION

As an initial matter, Plaintiff's Complaint fails for lack of subject matter jurisdiction. "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority

2

conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking the jurisdiction of the Court, here Plaintiff, "has the burden of proving the existence of subject matter jurisdiction." Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The Complaint alleges that "[t]his action is between plaintiff a resident of the state of north Carolina and the defendant a resident of North Carolina. . . . There is a diversity of citizenship the amount in controversy exceed 75,000.00." (Docket Entry 2 at 1 (errors as in original).) Plaintiff has failed to carry his burden of establishing subject matter jurisdiction in this case, because the Complaint identifies both parties as residents of North Carolina, circumstances which do not satisfy the diversity jurisdiction statute, see 28 U.S.C. § 1332(a). The obviousness of this defect renders this action frivolous.[1]

Further, the Complaint contains no dates or locations as to any of the alleged activities. (See Docket Entry 2.) "An allegation of time or place is material when testing the

---

[1] Additionally, to the extent one could read the Complaint as purporting to allege a federal constitutional claim, it does not contain any allegations that would support an inference of state action by Defendant Christopher Evans and thus any attempted invocation of federal question jurisdiction, see 28 U.S.C. § 1331, also would fail so clearly as to mark this action as frivolous.

3

sufficiency of a pleading." Fed. R. Civ. P. 9(f). Given the total absence of such material allegations, the Complaint fails to set forth an adequate "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This patent deficiency makes the Complaint frivolous.

Finally, although brought against Defendant Christopher Evans (see Docket Entry 2 at 1), the person from whom, on September 15, 2004, Plaintiff apparently obtained a deed regarding a piece of real property located at 59 Magnolia Street, Newark, New Jersey (see id.; Docket Entry 2-1 at 1), the material allegations of the Complaint revolve around actions allegedly taken by the State of New Jersey in connection with that real property (see Docket Entry 2 at 1). Plaintiff has unsuccessfully litigated such matters in this Court (and other courts) on previous occasions, resulting in the entry of a pre-filing injunction. See Black v. New Jersey, No. 1:10CV727, 2010 WL 4962950 (M.D.N.C. Nov. 30, 2010) (unpublished), recommendation adopted, slip op. (M.D.N.C. Jan. 31, 2013). Because that pre-filing injunction addresses only actions "against the State of New Jersey, its constituent institutions, and(or) its officials," it does not appear to apply to this action; however, Plaintiff's effort to re-litigate the same underlying issues previously rejected by this Court is nonetheless frivolous. Moreover, Plaintiff's evasion of the pre-filing injunction by his selection of a defendant warrants broadening that injunction.

4

CONCLUSION

Plaintiff has filed yet another frivolous action in this Court related to the conduct of government officials in New Jersey regarding 59 Magnolia Street, Newark, New Jersey.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL AND IN FAVOR OF BROADENING A PRE-FILING INJUNCTION PREVIOUSLY ENTERED AGAINST PLAINTIFF**.

**IT IS RECOMMENDED** that this action be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(i), as frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff be enjoined from filing any lawsuits, motions, or additional allegations concerning 59 Magnolia Street, Newark, New Jersey, 519 South 16th Street, Newark, New Jersey, and/or 313-315 South Orange Avenue, Newark, New Jersey, unless he seeks and obtains leave from a United States District Court, after first attaching copies of all the filings in the following cases, Black v. Evans, No. 1:13CV321 (M.D.N.C. complaint filed Apr. 8, 2013), Black v. New Jersey State, 1:10CV727 (M.D.N.C. complaint filed Sept. 17, 2010), Black v. City of Newark, 1:06CV534 (M.D.N.C. complaint filed June 14, 2006), Black v. City

---

[2] Plaintiff also has failed to submit a complete Application for pauper status. (See Docket Entry 1.) Given the recommended disposition of this case, no need exists to address that matter.

5

<u>of Newark</u>, 5:98-CV-696-BR (3) (E.D.N.C. order filed July 19, 1999), and after Plaintiff submits a detailed written statement explaining why the new lawsuit, motion, or allegation is materially different from the allegations in the foregoing cases.

                                        <u>/s/ L. Patrick Auld</u>
                                            **L. Patrick Auld**
                                  **United States Magistrate Judge**

April 18, 2013